TORGENSON LAW
John P. Torgenson (AZ Bar # 023505)
Hunter R. Instine (AZ Bar # 036087)
333 W. Roosevelt St.
Phoenix, AZ 85003
Telephone: (602) 759-0012
jtorgenson@torgensonlaw.com
hinstine@torgensonlaw.com
filing@torgensonlaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Camdyn Chavez, an individual; Paige Chavez, an individual,<br><br>Plaintiffs,<br>v.<br><br>Kyrene School District No. 28, a political subdivision of the State of Arizona; Jeanette Vesely, individually and in her official capacity as Superintendent of Kyrene School District No. 28; James Martin, individually and in his official capacity as the former principal of Kyrene Altadeña Middle School and as an employee of Kyrene School District No. 28; Does I-X and ABC Corporations I-X,<br><br>Defendants. | No.: CV-24-02467-PHX-ASB<br><br>**CASE MANAGEMENT REPORT**<br><br>(Assigned to the Hon. Alison Bachus) |

Pursuant to Federal Rule of Civil Procedure 26(f), and the Court's Order, the Parties submit their Joint Case Management Report in the above-captioned matter.

**Rule 26(f) Requirements**

**1. Attendance**

John Torgenson (Plaintiffs' counsel) and Robert Haws (Defendants' counsel)

conferred on October 9, 2024 to prepare this Case Management Report.

**2.       Nature of the Case**

Plaintiffs allege Defendants violated Plaintiff Camdyn Chavez's civil rights and did not act reasonably during the period in which Plaintiff Camdyn Chavez experienced antisemitic discrimination, harassment, and bullying at Kyrene Altadeña Middle School.

Defendants deny that they violated Plaintiff Camdyn Chavez's civil rights.  No District staff member is alleged to have made any antisemitic comments to Plaintiff.  Many of the allegations Plaintiff makes involved her and her peers' interactions off-campus and outside school hours.  The District investigated and appropriately addressed the concerns brought to its attention.  The Defendants acted reasonably and met their legal responsibilities.

**3.  Principal Factual and Dispute**

Whether the Defendants violated Plaintiff Camdyn Chavez's Civil Rights under 42 U.S.C. **§**1983, Title VI of the Civil Rights Act of 1964, and IX of the Education Amendments of 1972 and whether the Defendants acted reasonably under the circumstances.

**Plaintiffs' Claims:** While attending Altadena Middle School from sixth grade to eighth grade from 2016 to 2019, Plaintiff Camdyn Chavez was severely bullied and harassed by several classmates. The classmates bullied and harassed Plaintiff because of her Jewish heritage. Over time, the directed bulling and harassment became more persistent and pervasive evidenced by including but not limited to antisemitic videos that were shared amongst the classmates, antisemitic slurs and jokes called out to Plaintiff, and antisemitic social media chats that Plaintiff was forcibly added to. When Plaintiff would leave the social media chats, the bullies would add her back to the chat group. Plaintiff first affirmatively

sought the District's protection in the second semester of her seventh-grade year. Upon information and belief, the counselor took no further action to protect Camdyn, to address the bullying, or to notify any administrators at the School or the District of the bullying Camdyn reported. By January 2019, Plaintiff spent most days feeling sad and crying. Her panic attacks continued regularly. She began antidepressant medication around this same time. Shortly after this time, Plaintiff Camdyn Chavez and Plaintiff Paige Chavez met with Defendant James Martin, the school principal, to address the bullying and harassment and provided Defendant with a list of the alleged conduct by email including the videos and social media posts. Defendant James Martin interviewed and attempted to discipline nine students who directed harassing comments and behavior toward Camdyn at school and on social media by requiring them to receive either or a combination of in-school intervention and off-campus suspension. Following this, Plaintiff Camdyn Chavez was further bullied for being a "snitch." Plaintiff Paige Chavez informed Defendant James Martin via email that she was keeping Camdyn home from school out of fear and concern of retaliation. She requested the District to create a safety plan for Camdyn for the remainder of the 2018-2019 school year. Upon information and belief, Martin and the District took no immediate action to Paige's plea to protect Camdyn from the harassment and bullying. Because of the violent, pervasive, and overwhelming bullying Camdyn faced between the ages of twelve to thirteen at the School and the District, Paige initiated contact with the United States Department of Education Office of Civil Rights to protect her daughter. The Office of Civil Rights determined Camdyn was subjected to harassment that created a hostile environment based on her Jewish ancestry and that the District failed to take reasonable, responsive action to eliminate the hostile environment and prevent its recurrence, as required by Title VI. As a result of the Defendants' actions, Plaintiffs suffered harm including emotional pain and suffering, mental anguish, loss of enjoyment of life and attorney fees and costs associated with prosecuting this action.

**Defendants' Defenses:** The harassment Plaintiff alleges she experienced was by her peers (approximately 12-13 years old at the time) not any school staff. The vast majority of the alleged incidents were either not directed at Plaintiff and/or occurred off-campus, outside of school hours and beyond the school's responsibility. School staff reviewed the concerns presented to it and took appropriate actions that included discipline of students, rearranging class schedules, notifying law enforcement, working with Plaintiff and her mother on a safety plan, offering counseling services and accepting the parent's request for Plaintiff to complete the final few weeks of middle school through school provided education at her home. The District also took additional remedial steps by partnering with the Anti-Defamation League and implementing a program called "No Place for Hate." The District also hired a consulting firm and created an action team made up of staff, students, parents and community members to address campus issues. At all points, the District took action in response to Plaintiff Camdyn's reports and acted with promptness, thoroughness and reasonableness to address the issues.

The review of Plaintiff's concerns by the government agency was woefully incomplete and inadequate. In any event, the voluntary resolution of Plaintiff's OCR charge is not precedential.

Defendants have also raised affirmative defenses that include:

1. Duplicative Defendants.

An official capacity suit against a staff member is equivalent to a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, the claims against the individual defendants in their official capacity are duplicitous to the claims against the District and must be dismissed.

2. Qualified Immunity.

The individual defendants are entitled to qualified immunity which "protects government officials from civil rights lawsuits unless: (1) the official violated a constitutional right, and (2) the constitutional right was clearly established at the time of the violation." *Doe v. Round Valley Unified Sch. Dist*, 873 F. Supp. 2d 1124, 1134 (D. Ariz. 2012).

To the extent Plaintiff has experienced emotional upset, it was caused by other factors not attributable to Defendants including but not limited to problems at home (divorce, estrangement from her father, etc.), family history of mental disorders, sexual abuse and substance abuse. Additionally, persons not currently named as parties are wholly or partially at fault for Plaintiffs' damages, if any.

**4.     Jurisdiction**

Federal Question Jurisdiction is appropriate here. Jurisdiction in the United States District Court, District of Arizona, is proper based on the following: Plaintiffs are citizens & residents of the state of Arizona, Defendants are citizens and residents of the state of Arizona, and Plaintiffs bring one or more claims arising under the Constitution of laws of the United States pursuant to 42 U.S.C. §1983, Title VI of the Civil Rights Act of 1964, and IX of the Education Amendments of 1972. Further, the United States District Court, District of Arizona has supplemental jurisdiction over the claims that arise under the Arizona Constitution and Arizona state law.

**5.  Service**

Plaintiffs have served all parties. Defendants Kyrene School District No. 28, Jeanette Vesely, and James Martin filed an Answer on September 19, 2024.

**6.     Additions and Amendments**

Plaintiffs do not anticipate amending their Complaint or adding any additional

Defendants. Discovery is needed by the parties in order to determine this issue.

**7.     Contemplated Motions**

Defendants' position is that the qualified immunity issue should be addressed and resolved prior to other discovery. Plaintiffs' position is that discovery is necessary for the meaningful resolution of any motion at this early stage of litigation other than a Rule 12(c) motion on the pleadings. The parties agree that discovery will reveal what, if any, other Motions are appropriate here.

**8.     Related Cases**

None.

**9.     Initial Disclosures**

The parties will exchange Initial Disclosures by October 24, 2024.

**10.    Necessary Discovery**

a) The parties anticipate additional written and oral discovery.

b) There are no suggested changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

c) The parties agree to limit each deposition to 4 hours, unless extended by agreement of the parties.

d)  The parties do not have any issues related to the preservation, disclosure, or discovery of electronically stored information, including the form or forms in which it should be produced.

e) The parties do not have any issues related to claims of privilege or work-product, and whether an order under Federal Rule of evidence 502(d) is warranted

**11.    Deadlines**

a) Defendants assert that the deadline for Defendants to file a motion on qualified immunity shall be **November 14, 2024**. Plaintiffs assert that this motion, to the extent it is filed, needs to be made pursuant to the Federal Rules of Civil Procedure. Plaintiffs do not waive their right to challenge this motion on a procedural basis.

b) The deadline for completing fact discovery, including all disclosure required under Rule 26(a)(3), shall be **October 10, 2025.**

c) The deadline for Plaintiffs to provide full and complete expert disclosures shall be **June 20, 2025.** The deadline for Defendants to provide full and complete expert disclosures shall be **August 8, 2025.** The deadline for rebuttal expert disclosures shall be **September 5, 2025.**

d) The deadline for completing all expert depositions shall be **October 24, 2025.**

e) The deadline for filing dispositive motions shall be **December 19, 2025.**

f) The deadline by which the parties shall have engaged in good faith settlement talks shall be **October 24, 2025.**

**12. Jury Trial**

A jury trial is requested.

**13. Length of Trial**

The estimated length of trial is 5 days.

**14. Settlement**

The parties have not engaged in settlement discussions.

**15. Additional Matters**

None.

**DATED** this 14th day of October 2024.

| **GUST ROSENFELD PLC** | **TORGENSON LAW** |
|---|---|
| By: /s/ Robert Haws (with permission)<br>　　Robert Haws | By: /s/ John P. Torgenson<br>　　John P. Torgenson |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs* |

CERTIFICATE OF SERVICE

I hereby certify that on this October 14, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert D. Haws
John A. Butzer
GUST ROSENFELD P.L.C.
One East Washington Street, Suite 1600
Phoenix, AZ  85004-2553
602.257.7441 (direct)
602.340.1538 (fax)
rhaws@gustlaw.com
jbutzer@gustlaw.com

*Attorneys for Defendants*

/s/ Valerie C. Cochlin