1  Robert T. Mills (Arizona Bar #018853)
   Sean A. Woods (Arizona Bar #028930)
2  **MILLS + WOODS LAW, PLLC**
   5055 North 12th Street, Suite 101
3  Phoenix, Arizona 85014
   Telephone 480.999.4556
4  docket@millsandwoods.com
   swoods@millsandwoods.com
5  *Attorneys for Plaintiffs*

6

7                  **UNITED STATES DISTRICT COURT**

8                       **DISTRICT OF ARIZONA**

9   Camdyn Chavez, an individual; Paige   | Case No.: CV-24-02467-PHX-NJK
    Chavez, an individual,
10                                          | **PLAINTIFFS' MOTION TO EXTEND
                    Plaintiffs,             | DEADLINES**
11
                     vs.                    | **(First Request)**
12
    Kyrene School District No. 28, a political |
13  subdivision of the State of Arizona;       | (Assigned to the Hon. Magistrate Nancy
    Jeanette Vesely, individually and in her   | J. Koppe)
14  official capacity as Superintendent of
    Kyrene School District No. 28; James
15  Martin, individually and in his official
    capacity as the former principal of Kyrene
16  Altadeña Middle School and as an
    employee of Kyrene School District No.
17  28; Does I-X and ABC Corporations I-X,

18                   Defendants.

19

20

21         Through undersigned counsel and pursuant to Rule 7.3 of the Local Rules of Civil

22  Procedure, Plaintiffs Camdyn Chavez and Paige Chavez (collectively, "Plaintiffs") hereby

23  move to extend deadlines in this action by approximately ninety days each, in accordance

24  with the [Proposed] Scheduling Order attached hereto. Good cause exists for such an

25  extension, due to the circumstances as set forth below.

26

27         On October 18, 2024, the Court entered the "Case Management Order," ECF No.

28  14, that sets forth the applicable deadlines in this action.  At that time, Plaintiffs were

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

represented by previous counsel.  Plaintiffs' current counsel did not come into this case until nearly two-and-a-half months later, on December 26, 2024.  Notice of Substitution, ECF No. 20.  Because Plaintiffs' counsel did not appear in this matter until well after the Case Management Order was entered, his staff inadvertently and unfortunately neglected to obtain a copy for counsel's litigation file. Because a copy was not obtained, *none* of the dates and deadlines therein were calendared.

Because the first major deadline in the Case Management Order, Plaintiffs' expert disclosure deadline (the "Expert Deadline"), did not occur until June 20, 2025, Plaintiffs' counsel was entirely unaware for nearly six months after appearing that the Case Management Order had not been obtained or calendared.

Additionally, Plaintiffs propounded Requests for Production and Interrogatories that have not yet been responded to by Defendants. Plaintiffs have provided multiple extensions to Defendants to respond to those requests. On June 5, 2025, Defense counsel requested a nearly three-week extension to respond to the requests. Plaintiffs' counsel immediately granted it. On June 20, 2025 – the day of the Expert Deadline that was at the time unknown to Plaintiffs' counsel, Defendants again reached out to Plaintiffs' counsel requesting a further extension to respond to their discovery requests, claiming that they must review an additional 7,000 – 8,000 pages of *new* documents. Plaintiffs' counsel agreed to the extension.

While not part of this case, Plaintiffs' counsel was also subject to Final Pretrial management deadlines in another case that has been pending for close to nine years, requiring intense effort to produce final exhibits, jury instructions, voir dire, verdict forms,

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

1   motions in limine, and the joint final pretrial order, between May 15 and June 10.

2   Moreover, between the time Plaintiffs propounded their discovery requests in this case and

3   June 10, Plaintiffs' counsel additionally was involved in filing four Ninth Circuit Appellate

4   briefs and one major Ninth Circuit Appellate motion.

5

6       Because Plaintiffs' counsel was unaware of the Expert Deadline prior to its

7   expiration on June 20, counsel therefore failed to retain an(y) expert witness(es) on

8   Plaintiffs' behalf.  Counsel did not became aware of the problem until the morning of June

9   24, 2025, shortly after the deadline's expiration.  Alarmed, Counsel's staff urgently

10   emailed Defendants' counsel less than a half hour later to explain the issue and request

11   their position on a sixty-day extension of deadlines, including the Expert Deadline.  More

12   than two days later, on June 26, 2025, the same day this Motion is being filed, Defendants'

13   counsel finally responded to Counsel's email, declining to agree to an extension of the

14

15

16   Expert Deadline – and thus, by implication, any of the deadlines.

17       "A Rule 16 scheduling order may be 'modified only for good cause and with the

18   judge's consent.'"  *McQuagge v. Corizon Health Inc.*, No. CV-18-03175-PHX-ROS

19   (ESW), *2 (D. Ariz. Nov 08, 2019) (quoting Fed. R. Civ. P. 16(b)(4)).  While mere

20   "carelessness," by itself, is not sufficient for relief, the "'good cause' standard primarily

21

22   considers the diligence of the party seeking the amendment. The district court may modify

23   the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party

24   seeking the extension.'"  *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

25

26   604, 609 (9th Cir. 1992)).

27

28

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

1    Given the facts and circumstances set forth above, good cause exists to extend

2    existing deadlines here.  As a result of coming into this case after the Case Management

3    Order had already been issued, due to an unfortunate clerical error, due to the voluminous

4

5    discovery being conducted in this case, due to not having discovery responses yet from

6    Defendants, and due to other commitments that weighed heavily on Plaintiffs' counsel, his

7    staff never obtained or calendared that Order, and the error was not uncovered until after

8
     the first major deadline expired.  However, Plaintiffs and counsel were diligent – as soon
9
     as the error was realized, counsel urgently reached out to Defendants' counsel to attempt
10
11   to remedy the situation.  After Defendants' counsel declined to agree to an extension,

12   Plaintiffs filed the instant Motion the same day.

13   Moreover, "an extension of a deadline sought *after* its expiration requires a showing

14
     of 'excusable neglect,' not merely good cause.'" *Id.* (citing Fed. R. Civ. P. 6(b)(1)(B)).
15
16   "There are at least four factors in determining whether neglect is excusable: (i) the danger

17   of prejudice to the opposing party; (ii) the length of the delay and its potential impact on

18   the proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good
19
     faith." *Id.* at **2-3 (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir.
20
21   2000)). "The determination of whether neglect is excusable is ultimately an equitable one,

22   taking into account of all relevant circumstances surrounding the party's omission." *Id.* at

23
     *3. "This equitable determination is left to the discretion of the district court." *Id.* (citing
24
25   *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004)).

26   Accordingly, here, with respect to an extension of the already-expired deadlines, in

27   particular the Expert Deadline, the neglect is excusable, as all four above factors point

28

toward an extension.  There is no prejudice to Defendants, since this action is still in the relatively early stages and Defendants have not yet made their expert disclosures. Moreover, a ninety-day extension (the first one requested) would cause minimal delay in the context of the overall case, the delay is the result of an unfortunate and unintended clerical error, and Plaintiffs' have acted in good faith throughout.  Finally, taking into account all the relevant circumstances as set forth in detail above, equitable considerations strongly support an extension of the expired deadlines.

Given all the above, Plaintiffs respectfully request that deadlines in this action, including the Expert Deadline, be extended by approximately ninety days each (sixty days, plus thirty days for anticipated briefing and ruling on the instant Motion).

In accordance with the [Proposed] Order attached hereto, Plaintiffs respectfully request that the following deadlines be extended as follows:

1.    The last day to join parties, amend pleadings, and file supplemental pleadings, from May 6, 2025 to **August 6, 2025**;

2.    The discovery deadline, from October 10, 2025 to no later than **January 9, 2026**;

3.    The last day for Plaintiffs to provide full and complete expert disclosures, from June 20, 205 to **September 19, 2025**;

4.    The last day for Defendants to provide full and complete expert disclosures, from August 8, 2025 to **November 7, 2025**;

5.    The last day to serve rebuttal expert disclosures, from September 4, 2025 to **December 4, 2025**;

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

5

6.      The last day to complete expert depositions, from October 24, 2025 to **January 23, 2026**;

7.      The last day to file dispositive motions, from December 19, 2025 to **March 19, 2026**;

8.      The last day to meet in person and engage in good faith settlement talks, from October 24, 2025 to **January 23, 2026**.

**RESPECTFULLY SUBMITTED** this 26th day of June 2025.

MILLS + WOODS LAW, PLLC

By    */s/ Sean A. Woods*
          Robert T. Mills
          Sean A. Woods
          5055 North 12th Street, Suite 101
          Phoenix, AZ 85014
          *Attorneys for Plaintiffs*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on June 26, 2025, I electronically transmitted the foregoing

3    document to the Clerk's Office using the ECF System for filing and transmittal of a Notice

4    of Electronic Filing to the following ECF registrants:

5
     Robert D. Haws
6    rhaws@gustlaw.com
     pseitz@gustlaw.com
7    John A. Butzer
     jbutzer@gustlaw.com
8    **GUST ROSENFELD P.L.C.**
9    One E Washington St., Ste. 1600
     Phoenix, AZ 85004-2553
10   (602) 257-7422
11   *Attorneys for Defendants*

12

13          _/s/ Ben Dangerfield_

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*MILLS + WOODS LAW, PLLC*
*5055 North 12th Street, Suite 101*
*Phoenix, AZ 85014*
*480.999.4556*