Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Camdyn Chavez, an individual; Paige Chavez, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>Kyrene School District No. 28, a political subdivision of the State of Arizona; Jeanette Vesely, individually and in her official capacity as Superintendent of Kyrene School District No. 28; James Martin, individually and in his official capacity as the former principal of Kyrene Altadeña Middle School and as an employee of Kyrene School District No. 28; Does I-X and ABC Corporations I-X,<br><br>    Defendants. | Case No.: CV-24-02467-PHX-NJK<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXTEND DEADLINES**<br><br>(Assigned to the Hon. Magistrate Nancy J. Koppe) |

Through undersigned counsel, Plaintiffs hereby reply in support of their "Motion to Extend Deadlines (First Request)" ("Plaintiffs' Motion"). At its heart, this issue boils down to the simple fact that Plaintiffs' counsel's staff made a clerical error, a regrettable but nevertheless innocent mistake. To that end, a brief summary of the facts which are more fully set forth in Plaintiffs' Motion is included below.

Plaintiffs' counsel substituted in months after the Case Management Order was issued. As a result, counsel's staff, who counsel reasonably relies on to calendar, and who

regularly and routinely does calendar, all applicable case deadlines, inadvertently neglected to review prior docket activity in this case in order to locate and calendar any deadlines issued prior to counsel's appearance. Therefore, they inadvertently neglected to obtain and calendar the Case Management Order. Counsel did not themselves take affirmative steps to locate and calendar deadlines because they reasonably relied on their staff, who dutifully and correctly calendar deadlines 99% of the time but are only human, to do so.

Nevertheless, as fully set forth in Plaintiffs' Motion, as soon as counsel became aware of the error (a few days after the deadline), they immediately swung into action to rectify the situation. They reached out to Defendants' counsel to request their amenability to a stipulation to extend deadlines by sixty days. Defendants' counsel did not answer for two more days, and then they declined to agree to any extension, in spite of the fact that Plaintiffs' counsel had previously granted them extensions on other deadlines. Counsel then immediately filed Plaintiffs' Motion that same day.

The parties agree that to justify an extension of future deadlines in the Case Management Order, the primary question is whether the movant has been diligent. "To demonstrate diligence under Rule 16's 'good cause' standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order." *Chao v. Westside*

*Drywall, Inc.*, 709 F.Supp.2d 1037, 1072-73 (D. Or. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

Plaintiffs satisfy all three requirements. First, they were diligent, under prior counsel, in assisting the Court in obtaining the Case Management Order. *See* Case Management Order at 1:11-12, Oct. 18, 2024, ECF No. 14 ("The parties have met and prepared a Joint Rule 26(f) Case Management Report and a Joint Proposed Rule 16 Case Management Order.").

Second, their failure to comply with their expert deadline set forth in that Order was due to "matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference," notwithstanding their diligent efforts to comply. That at some point months in the future Plaintiffs would be represented by new counsel whose staff would inadvertently neglect to obtain and calendar the Case Management Order was not, and certainly could not have been, reasonably foreseen at the time of the scheduling conference. Moreover, Plaintiffs' counsel was diligent in attempting to comply with that Order because they reasonably and justifiably relied on their staff to review, obtain, and calendar all deadlines. Third, as stated above, Plaintiffs were diligent in seeking to extend the deadlines as soon as they became aware of the error. Because Plaintiffs satisfy all three requirements above, they have demonstrated diligence, *see Chao*, 709 F.Supp.2d at 1072-73; *Jackson*, 186 F.R.D. at 608, and therefore good cause exists to extend future deadlines, *see McQuagge v. Corizon Health Inc.*, No. CV-18-03175-PHX-ROS (ESW), at *2 (D. Ariz. Nov 08, 2019).

Nevertheless, even where a plaintiff is ***not*** diligent and his mistake amounts to mere carelessness, a court should still be "mindful that the procedural rules governing civil actions are to be construed to achieve the just determination of every action." *See Flores v. Merced Irrigation Dist.,* No.1:09cv1529 LJO DLB, at *5 (E.D. Cal. Nov 23, 2010) (citing Fed. R. Civ. P. 1) (granting plaintiff's motion to amend scheduling order, where plaintiff's failure to adhere to order was due to a clerical error, and he was diligent in seeking to amend as soon as the error was discovered). "Indeed, it is well settled that the Federal Rules of Civil Procedure are to be 'liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems.'" *Id.* (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). Here, in the interest of justice and a decision on the merits, the Court should find that good cause exists for an extension of all future deadlines, even if it determines Plaintiffs were ***not*** diligent and merely careless. There is no trial setting in this matter, and granting the requested relief will not cause substantial delay in resolution of this case.

The parties also do not dispute that an extension of expired deadlines (i.e., Plaintiffs' expert deadline) requires a showing of excusable neglect. *See, e.g., McQuagge*, No. CV-18-03175-PHX-ROS (ESW), at *2; *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)). "Excusable neglect" has been defined as follows:

> the Supreme Court addressed the meaning of "excusable neglect," a phrase that appears in many contexts, in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). There, the Court resolved a circuit split and held ***"neglect" embraced a failure to act "caused by inadvertence, mistake, or carelessness"*** and not just "by intervening circumstances beyond the party's control." *Id.* at 388. The Court next found that whether an omission was "excusable" was an equitable determination, to be made "taking account of all relevant circumstances." *Id.*

4

at 395. The Ninth Circuit has recognized the following factors as relevant in making this equitable determination: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer*, 507 U.S. at 395); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (holding that a district court abuses its discretion by failing to engage in this four-factor test or at least the "equitable analysis" captured by the test); *Pincay*, 389 F.3d at 860 (Berzon, J., concurring) ("*Pioneer* . . . indicates that ***a district court may find neglect 'excusable' if it is caught quickly, hurts no one, and is a real mistake, rather than one feigned for some tactical reason—even if no decent lawyer would have made that error***.").

*Jurgens v. Dubendorf*, No. 2:14-cv-02780-KJM-DB, at **4-5 (E.D. Cal. May 19, 2017) (emphasis added).

Here, Plaintiffs' failure to adhere to their expert deadline set forth in the Case Management Order was clearly due to "neglect" – in the words of the Supreme Court, a failure to act "caused by inadvertence, mistake, or carelessness." *Pioneer*, 507 U.S. at 388. Moreover, because the mistake was "caught quickly, hurts no one, and is a real mistake, rather than one feigned for some tactical reason," it is "excusable." *See Jurgens*, No. 2:14-cv-02780-KJM-DB, at *5.

Of course, ultimately, whether neglect is excusable, and thus an extension of expired deadlines is appropriate, is an equitable determination, to be made "taking account of all relevant circumstances." *See Pioneer*, 507 U.S. at 395. Moreover, "'[t]he district court is given broad discretion in supervising the pretrial phase of litigation,' including in issuing and enforcing scheduling orders." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022) (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)).  Here, given that Plaintiffs' failure to adhere to their expert deadline was

wholly due to an inadvertent, though unfortunate, clerical error, that Plaintiffs immediately and swiftly took steps to repair the error as soon as it was discovered, that this case is still in the relatively early stages and this is the first extension sought, and that there is no prejudice to Defendants, the Court should exercise its broad discretion and grant Plaintiffs' Motion.

In addition to all the above, Defendants are suddenly now claiming that they have approximately seven or eight thousand pages of documents that they intend to produce. These are documents that were clearly available to produce at the beginning of this matter. At best, this is a violation of Defendants' disclosure requirements.  At worst, Defendants have been hiding directly relevant documents in the hope that Plaintiffs would not request them.  In addition to an appearance of disclosure impropriety on the part of Defendants, such a voluminous production will also certainly necessitate an expansion of discovery, leading to a need to extend deadlines.  In other words, Defendants' conduct has and will necessitate delay in this case regardless of Plaintiffs' clerical error.

Defendants also argue that even if the Court allows Plaintiffs to have some experts, it should nevertheless disallow the use of any medical expert.  But even had Plaintiffs adhered to their expert deadline and disclosed a medical expert by June 20, 2025, such an expert would have highly benefitted from reviewing the voluminous documents (presumably including school records to corroborate contemporaneous or later reported issues from Plaintiff) Defendants have not yet disclosed but claim they intend to.  Thus, an extension of deadlines would have become necessary in any event.

For all the foregoing reasons, the Court should grant Plaintiffs' Motion and extend all deadlines in this action as requested.

**RESPECTFULLY SUBMITTED** this 1st day of July 2025.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
Robert T. Mills
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Robert D. Haws
rhaws@gustlaw.com
pseitz@gustlaw.com
John A. Butzer
jbutzer@gustlaw.com
**GUST ROSENFELD P.L.C.**
One E Washington St., Ste. 1600
Phoenix, AZ 85004-2553
(602) 257-7422
*Attorneys for Defendants*

  */s/ Ben Dangerfield*