# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Camdyn Chavez, et al.,

    Plaintiff(s),

v.

Kyrene School District No. 28, et al.,

    Defendant(s).

Case No. 2:24-cv-02467-PHX-NJK[1]

**ORDER**

[Docket No. 30]

Pending before the Court is Plaintiffs' motion to revive and extend case management deadlines. Docket No. 30. Defendants filed a response in opposition. Docket No. 32. Plaintiffs filed a reply. Docket No. 33. The motion is properly resolved without a hearing. For the reasons discussed below, the motion to revive and extend is **GRANTED** in part and **DENIED** in part.[2]

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010). The diligence inquiry may be informed by a number of circumstances. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

---

[1] The parties consented to have a magistrate judge conduct all further proceedings, including trial, entry of final judgment, and all post-judgment proceedings. Docket No. 8. On October 17, 2024, the undersigned magistrate judge was assigned to the case. Docket No. 13.

[2] Before turning the merits of the motion practice, the Court notes Plaintiffs' repeated reference to the undersigned as a "Magistrate." *See, e.g.*, Docket No. 30 at 1. Plaintiffs' counsel would be well served by updating their knowledge on the subject. *See, e.g.*, *Williams v. City of Mesa*, Case No. 09-cv-1511-PHX-LOA, 2010 WL 2803880, at *2 n.1 (D. Ariz. July 15, 2010) ("Congress changed the formal title of United States Magistrate to United States Magistrate Judge in the Judicial Improvement Act of 1990, effective December 1, 1990").

When a request to modify the scheduling order seeks relief as to already-expired deadlines, an additional showing of excusable neglect must be made. *See, e.g.*, *Bennett v. City of Kingman*, 543 F. Supp. 3d 794, 803 (D. Ariz. 2021) (citing Fed. R. Civ. P. 6(b)(1)(B)). The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017). This is an equitable analysis left to the discretion of the district court based on the circumstances of each case. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc).

The Court begins with the request to revive the deadline to amend or add parties, which expired nearly two months ago. *See* Docket No. 30 at 5. The Court has been presented with no argument specific to that deadline, nor is it even clear that any party has any intention to seek relief subject to that deadline. The Court will not revive that deadline.

The heart of the matter is whether Plaintiffs are entitled to relief as to their deadline to serve initial expert disclosures, which expired a few days before the instant motion was filed. It is undisputed that the reason for delay is not a good one, Plaintiffs' counsel and staff inexplicably failed to calendar that deadline or even identify the existing scheduling order upon entering the case, which is reasoning that reeks of carelessness. *See* Docket No. 30 at 2. That the "reason for the delay" factor is not compelling does not necessarily end the analysis, however. *See Pincay*, 389 F.3d at 858-59 (affirming district court order allowing relief from expired deadline despite "egregious" calendaring error). There is no indication that Plaintiffs have not been reasonably diligent in this case in general or in bringing the issue to the Court's attention upon discovering the calendaring error, *see* Docket No. 30 at 3, Plaintiffs are not acting in bad faith, the error can be ameliorated with a fairly short extension relative to the overall discovery period that likely poses little risk of disrupting the case as a whole, and granting relief poses little risk of prejudice to Defendants, who themselves are not yet required to disclose experts given the staggered process outlined in the scheduling order, *see* Docket No. 14 at 3 (setting deadline for Defendants' initial

expert disclosures at August 9, 2025).[3]  The Court also has a strong preference to decide cases on the merits.  *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017).

In light of the above, the Court will provide Plaintiffs relief from their initial expert disclosure deadline.  With the above being said, no support has been provided that the circumstances justify a 90-day extension.  The Court will instead provide a 30-day extension.  The Court also **ADMONISHES** Plaintiffs' counsel for the failings identified in the papers.  The Court expects strict compliance with all future deadlines.

Accordingly, the pending motion to revive and extend case management deadlines is **GRANTED** in part and **DENIED** in part.  Deadlines are hereby **RESET** as follows:

- Amend pleadings/ supplement pleadings/ add parties:  closed
- Plaintiffs' initial expert disclosures:  July 21, 2025
- Defendants' initial expert disclosures:  September 8, 2025
- Rebuttal expert disclosures:  October 6, 2025
- Discovery cutoff:  November 10, 2025
- Expert deposition deadline:  November 24, 2025
- Deadline for in-person, good-faith settlement talks:  November 24, 2025
- Dispositive motions:  January 20, 2026

As the Court advised above and within the case management scheduling order itself, Docket No. 14 at 7, it intends to enforce the deadlines set herein.  **The Court is not inclined to grant any further extensions of the case management deadlines.**

IT IS SO ORDERED.

Dated: July 2, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] As to the lack of prejudice to the defense, the Court also notes that even an untimely expert disclosure is not necessarily foreclosed at this stage. *Cf. Pac. Indem. Co. v. Nidec Motor Corp.*, 203 F. Supp. 3d 1092, 1097 (D. Nev. 2016) (declining to strike untimely expert as "[h]armlessness may be established if a disclosure is made sufficiently before the discovery cutoff to enable the movant to depose the expert and challenge his expert report").